UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

FERNANDO MARRERO-CORDERO,

    Petitioner,

    v.

MANUEL MARTINEZ-ARROYO,
WARDEN, et al.,

    Respondents.

Civil No. 97-2827 (JAF)

## OPINION AND ORDER

Petitioner, Fernando Marrero-Cordero, brings forth this petition pursuant to 28 U.S.C. § 2254, for habeas corpus relief from a state court conviction. Petitioner claims that his conviction was based solely on the involuntary testimony of a witness. Petitioner seeks to revoke his conviction.

### I.

### Factual Background

Petitioner alleges that Héctor Manuel Picón, a witness in his criminal trial, provided false testimony after the police coerced him. Petitioner asserts that the police threatened and assaulted Héctor Manuel Picón to force him to testify against Petitioner. Petitioner also alleges that Héctor Manuel Picón was a minor at the time and did not receive adequate legal advice regarding his rights.

Civil No. 97-2827 (JAF)                                                          2-

During Petitioner's criminal trial, Héctor Manuel Picón's mother, Lucinda Mercado, testified that the police assaulted her son. The jury determined that Lucinda Mercado's testimony was not credible. Petitioner was convicted. The Supreme Court of Puerto Rico affirmed the conviction. The Supreme Court stated that it was within the jury's discretion to determine the credibility of the witnesses Héctor Manuel Picón and Lucinda Mercado. Petitioner filed a petition for habeas corpus on the ground that he was convicted solely upon the false testimony given by Héctor Manuel Picón.

II.

### Standard for Habeas Corpus

Title 28 U.S.C. § 2254(b) provides that federal habeas corpus relief may not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b). The Commonwealth of Puerto Rico courts provide for appellate relief in addition to state habeas corpus post-conviction relief. Rodriquez v. Warden, Escuela Indus. De Mujeres, Vega Alta Puerto Rico, 791 F.Supp. 41, 42 (D.P.R. 1992). A federal court may not issue a writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the state, or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28

Civil No. 97-2827 (JAF)                                                                                         3-

U.S.C. § 2254; see also Ex Parte Royal, 117 U.S. 241, 250-54 (1886). Where a section 2254 petition pleads multiple federal claims, the federal character of any of which has not fairly been presented to the state courts, the federal court must dismiss the entire petition, including any exhausted claims. See Rose v. Lundy, 455 U.S. 509, 513-521 (1982); Gagne v. Fair, 835 F.2d 6, 9 (1st Cir. 1987); Dougan v. Ponte, 727 F.2d 199, 200 (1st Cir. 1984). Petitioner may then elect to dismiss all unexhausted claims or seek their disposition in state court before proceeding under section 2254. See Rose, 455 U.S. at 520.

For a claim to be exhausted for habeas corpus purposes, the state court system must have been appraised at the appropriate level of the facts and legal theories which form the basis of petitioner's assertions. Duckworth v. Serrano, 454 U.S. 1 (1981); Garcia v. Ramirez, 337 F.Supp. 39 (D.P.R. 1971). Where mixed claims require the dismissal of the habeas petition, it is appropriate for the district court to dismiss the case without prejudice. See Rule 4, Rules Governing Section 2254 Cases In The United States District Courts;[1] see also D.D. v. White, 650 F.2d 749 (5th Cir. 1981).

---

[1] Rule 4 states:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to

Civil No. 97-2827 (JAF)                                                4-

## III.

### Analysis

Petitioner exhausted the remedies available in the state court system when his conviction was affirmed by the Supreme Court of Puerto Rico, the highest court in the Commonwealth of Puerto Rico. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (holding that once the State's highest court has been afforded "an initial opportunity to pass upon and correct alleged violations of [petitioner's] federal rights," the exhaustion requirement has thus been met). Therefore, we find that Petitioner has exhausted his state remedies. We will review the merits of Petitioner's petition for habeas corpus.

We find that Petitioner's petition does not have any merit. Petitioner's sole ground for relief is that Héctor Manuel Picón, a witness in his criminal trial, provided false testimony after the police coerced him. Petitioner's claim that the Commonwealth of Puerto Rico's trial court relied on false testimony to convict him will be reviewed under the "harmless error" standard. See Gilday v. Callahan, 866 F.Supp. 611, 629 (D.Mass. 1994) (observing that a district court should review alleged trial errors, such as purposely allowing false testimony, under the Kotteakos harmless error

---

be notified.

Rule 4, Rules Governing Section 2254 Cases In The United States District Courts.

Civil No. 97-2827 (JAF)                                                    5-

standard). Under the Kotteakos standard, habeas petitioners will no longer be "entitled to habeas relief based on trial error unless they can establish that it resulted in actual prejudice." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 632 (1993). The Fifth Circuit has held that in order for a petitioner to be granted relief for the alleged use of false testimony, a petitioner must prove "that 1) the testimony was actually false, 2) the state knew it was false, and 3) the testimony was material." <u>Fairman v. Anderson</u>, 188 F.3d 635, 646 (5th Cir. 1999). The testimony is "material" only "if there is any reasonable likelihood that [it] could have affected the jury's verdict." <u>Id</u>. <u>See also</u> <u>Westley v. Johnson</u>, 83 F.3d 714, 726 (5th Cir. 1996).

Petitioner failed to prove that the Commonwealth of Puerto Rico purposely used false testimony to convict him. Petitioner did not prove that Héctor Manuel Picón's testimony was actually false. In his petition for habeas corpus relief, Petitioner has not provided any additional evidence to support his allegations that Héctor Manuel Picón's testimony is false. Petitioner has also failed to provide additional evidence to sustain his assertions that the police coerced Héctor Manuel Picón. The only evidence to support the allegations that Héctor Manuel Picón's testimony was false was already presented during the trial. During Petitioner's trial, Lucinda Mercado testified that Héctor Manuel Picón's testimony had been obtained by

Civil No. 97-2827 (JAF)                                                    6-

police coercion. The jury found that Lucinda Mercado's testimony was not credible. As a result, we will not reassess the credibility of her testimony. See Cochrane v. Quattrocchi, 949 F.2d 11, 14 (1st Cir. 1991) (holding that it is the province of the jury to judge witness credibility); United States v. Maceo, 873 F.2d 1, 7 (1st Cir. 1989) (holding that it is the jury's role to determine the credibility of witnesses and the weight to accord their testimony).

Petitioner has failed to prove that the testimony was in fact false and that the State had knowledge that the testimony was false. Therefore, under these circumstances, we must deny petitioner's request for relief. See Giday, 866 F.Supp. at 629; Moore v. Swenson, 361 F.Supp. 1346, 1349 (E.D.Mo. 1973) (petitioner's ground for relief denied both because he failed to allege that the State prosecutor knowingly used the allegedly false testimony and because he failed to prove that the subject testimony was false or perjurious). Furthermore, Petitioner has not provided additional evidence to support his allegation that Héctor Manuel Picón's testimony was false. See Ex-parte Farrell, 189 F.2d 540 (1st Cir. 1951) (district court was not obliged to believe Petitioner's vague and uncorroborated testimony). Therefore, for these reasons, we deny Petitioner's writ for habeas corpus.

Even if we were to assume that Héctor Manuel Picón's testimony was false and that the state prosecutor purposely allowed the use of

Civil No. 97-2827 (JAF)                                                                                              7-

this false testimony, Petitioner has failed to prove that the error was not a harmless error. Petitioner alleges that the only reason he was convicted was because of Héctor Manuel Picón's testimony. However, Petitioner does not offer any evidence or allege any facts to corroborate his allegations. Furthermore, there were other witnesses who testified during Petitioner's criminal trial, such as: Dr. Rafael Criado, a pathologist; Luis R. Ramos Mercado, Petitioner's friend and neighbor; District Attorney Ortiz Vega and his court reporter Luz I. Benítez; and Agent José E. Serrano.

Petitioner has failed to allege specific facts to support his allegation that his conviction was based solely upon Héctor Manuel Picón's allegedly false testimony and not upon the testimony of these other witnesses. Therefore, even if Héctor Manuel Picón's testimony was false, Petitioner has failed to meet his burden of proving that the error resulted in actual prejudice. The jury heard the testimony from several witnesses during trial and returned a verdict against the Petitioner, declaring him guilty. As stated previously, it is within the jury's discretion to determine the credibility of the witnesses and the weight to accord their testimony. See Maceo, 873 F.2d at 7.

Civil No. 97-2827 (JAF) 8-

## IV.

## Conclusion

In accordance with the foregoing, we **DISMISS** Petitioner's section 2254 petition.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 19th day of November, 1999.

JOSE ANTONIO FUSTE
U.S. District Judge